RECEIVED

AUG 2 4 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE-OPELOUSAS DIVISION**

| | |
|---|---|
| **STEPHEN P. MUMBLOW** | **\*CIVIL ACTION NO. 02CV110** |
| **VS.** | **\*MAGISTRATE JUDGE HILL** |
| **MONROE BROADCASTING, INC.** | **\*BY CONSENT OF THE PARTIES** |

## REASONS FOR JUDGMENT

This matter was tried before the undersigned Magistrate Judge on May 13, 2003. Present at trial were Erich P. Rapp, representing the plaintiff, Stephen P. Mumblow, and Robert L. Cabes, representing the defendant, Monroe Broadcasting, Inc. Both parties consented to the Court's jurisdiction being exercised by the undersigned pursuant to 28 U.S.C. §636(c).

By Reasons for Judgment dated October 9, 2003, the undersigned entered judgment in favor of the defendant, Monroe Broadcasting, Inc. This court's judgment was based on findings that the transactions at issue in this case constituted a loan, that the loan was subject to an implied suspensive condition that suspended Mumblow's right to demand repayment until Monroe's assets were either sold or merged, and that Mumblow's demand for repayment was premature because the implied suspensive condition had not matured. Mumblow appealed.

On February 28, 2005, the United States Court of Appeals for the Fifth Circuit reversed this court's finding that the loan was subject to an implied suspensive condition

that suspended Mumblow's right to demand repayment until Monroe's assets were either sold or merged, and that Mumblow's demand for repayment was premature because the implied suspensive condition had not matured.[1] *Mumblow v. Monroe Broadcasting, Inc.*, 401 F.3d 616 (2005). In so finding, the Fifth Circuit rejected this court's finding that the loan was a conditional obligation, defined as an obligation dependent on an uncertain event, and more specifically, that Monroe's repayment obligation was conditional. See La.C.C. art. 1767; *Mumblow*, 401 F.3d at 621-623 citing *Kaufmann v. Corporate Realty, Inc.*, 759 So.2d 969, 976 (La.Ct.App. 2000). Rather, the Fifth Circuit concluded that "considering Mumblow's ample testimony that his intent was for Monroe's repayment obligation to be unconditional" this court's "finding that a condition existed lacks substantial support." *Id.* at 625. Accordingly, the court found that the loan was a term obligation, that is, an obligation subject to a period of time allowed for performance of the obligation. See La.C.C. art. 1777 and Revision Comment (b). The Fifth Circuit found "no evidence in the record that would support a determination that the parties intended to fix a term for repayment of the loan." *Mumblow*, 401 F.3d at 625. Thus, under these circumstances, the Fifth Circuit held that "Louisiana law dictates that...repayment [of the loan] is due in a reasonable time." *Id.* Therefore, the Fifth Circuit remanded this matter solely for determination as to whether a reasonable time for repayment of the loan has expired. *Id.*

---

[1]The Fifth Circuit affirmed this court's finding that Louisiana law applied to the transactions at issue and this court's finding that the transactions at issue constituted a loan by Mumblow to Monroe.

Both parties agreed that no additional evidence was necessary for this court's determination of this sole remaining issue. However, defense counsel's request for additional briefing on the issue was granted. [rec. doc. 56].

Both parties have submitted their briefs. Monroe argues that a reasonable time for repayment of the loan has not expired. In support, Monroe argues that "a reasonable time for repayment is the time necessary for Monroe to achieve fiscal integrity, on a cash flow basis, so that Monroe could safely make payments to Mumblow ... without endangering its ability to service its normal debt." Thus, Monroe relies on an "alternative condition of positive financial health" "short of a merger or sale." Mumblow, on the other hand, argues that a reasonable time for repayment of the loan has expired and accordingly, he is entitled to immediate repayment. In support Mumblow argues that demand for repayment of the loan was made more than three and one half years ago, and that Monroe's argument is simply a new attempt to interpose a condition on Monroe's obligation to repay the loan, a finding which has already been rejected by the Fifth Circuit.

For the reasons which follow, the court finds that a reasonable time for repayment of the loan has expired. Therefore, judgment will be entered in favor of the plaintiff, Stephen P. Mumblow, against defendant, Monroe Broadcasting, Inc., in the amount of $140,000, plus interest from the date of demand, December 21, 2001, with all costs to be assessed against the defendant, Monroe Broadcasting, Inc.

Mumblow argues that Monroe is attempting to interpose a new condition on Monroe's repayment obligation. The undersigned agrees. Monroe is attempting to again characterize the loan as a conditional obligation, a characterization which has already been rejected by the Fifth Circuit.[2] Thus, Monroe's present argument is foreclosed.[3]

---

[2]After thorough examination of the evidence presented, the Fifth Circuit has expressly rejected arguments based on alleged conditions finding insufficient evidence in the record to support any condition on Monroe's repayment obligation. In this vein, the court stated as follows:

> ...That Mumblow knew that Monroe was financially weak simply does not overcome the common sense understanding, mandated by Louisiana precedent, that the parties to a contract do not intend a suspensive condition in the absence of strong evidence of such intent.
>
> ...
>
> The other evidence in the record also does not substantially support the trial court's conclusion that the parties intended Monroe's repayment obligation to be conditional. The trial court characterized Mumblow's testimony as an acknowledgment that when he was making the loan, he did not expect to demand repayment. Mumblow explained that he told Elmore on several occasions that, "we could ask for or money any time you wanted to, but I knew that if I asked for payment, I couldn't get payment at that time." This acknowledgment of an economic reality does not substantially support an inference that Mumblow also intended Monroe's repayment obligation to be conditional, a provision that would only further frustrate his ability to collect on Monroe's obligation. This is particularly true since Mumblow denied that there was any such condition.
>
> There is not much evidence in the record from which to discern Monroe's intentions as to its repayment obligation. One thing is clear, there is no direct evidence that Monroe intended the obligation to be conditional....Indeed, Boulanger admitted that Mumblow said nothing to him about a condition on his right to demand repayment, although Mumblow joked that Monroe would have difficulty repaying the loan. This scanty evidence plainly does not provide substantial support for the trial court's finding that Monroe's obligation was conditioned on the sale or merger of Monroe's assets.
>
> In contrast, the inference that the parties did not intend to impose such a condition is substantially supported by the evidence in the record. Mumblow testified that he expected to demand repayment eventually, that he was sure it was his "right" to ask for repayment, and that he asserted to Elmore on several occasions that they could ask for repayment any time they wanted to, testimony that neither Elmore nor anyone else contradicted....Elmore admitted that Mumblow never said to him that Mumblow "was placing a restriction on his right to demand repayment of the money." All of this testimony contradicts the trial court's finding that Mumblow intended Monroe's repayment obligation to be subject to a suspensive condition.
>
> The only evidence that could potentially support an inference that Monroe's

4

Given the Fifth Circuit's ruling, whether Monroe's repayment obligation is characterized as conditioned on the sale of Monroe at a profit or on a state of improved or "positive financial health" makes no difference.   A condition renders a present obligation unenforceable subject to the occurrence of an uncertain event, which event may never occur, and in which case may render the obligation permanently unenforceable.   Saul Litvinoff, The Law of Obligations §5.1 and  §5.3 (2nd Ed. 2001).   A term on the other hand, affects the time of  performance of a present obligation.   Enforceability of the obligation does not depend on the happening of an uncertain event.   Rather, the event which marks the time for performance will come to pass and the obligation "may not be enforced until the end of the term arrives, which arrival is certain."   Saul Litvinoff, The

repayment obligation was conditional is Elmore's testimony that neither he nor Mumblow expected to get his money back unless Monroe's financial condition improved and the company was sold. Elmore did not testify that either he or Mumblow specifically agreed to forego any right to repayment unless the company was sold or merged. His statement was based on his assertion that both he and Mumblow knew that Monroe was "under water to the tune of about $5 million." In fact, Elmore admitted that Mumblow never told him that Mumblow placed any restriction on his right to be repaid. Elmore's weak testimony as to his and Mumblow's "expectation" is not of the caliber necessary to support the finding of a suspensive condition. Lacking such evidence, bearing in mind that the burden of proof is on Monroe, and considering Mumblow's ample testimony that his intent was for Monroe's repayment obligation to be unconditional, we conclude that the trail court's finding that a condition existed lacks substantial support.

We conclude that the trial court clearly erred when it inferred that Monroe's obligation is subject to a suspensive condition.... *Id.* at 623-625 (citations omitted).

[3]Moreover, the record does not support Monroe's present argument.  No witness actually testified that the parties intended to condition Monroe's repayment obligation on any improved or "positive" condition of financial health.  Mere evidence of Monroe's weak financial condition neither requires nor substantially supports an inference that the parties intended Monroe's repayment obligation to arise only if Monroe's financial health improved.  As the Fifth Circuit has held "that Mumblow knew that Monroe was financially weak simply does not overcome the common sense understanding, mandated by Louisiana precedent, that the parties to a contract do not intend a suspensive condition in the absence of strong evidence of intent." *Id.* at 623.  That evidence is lacking in this case.

Law of Obligations §6.2 (2nd Ed. 2001). Clearly, given the facts of this case, a state of improved or "positive financial health" is a condition, not a term, as that "event" probably will never occur, thus permanently rendering Mumblow's loan uncollectable. The Fifth Circuit has already held that the present obligation is not a conditional obligation which depends on such an uncertain event. Rather, the loan at issue is a term obligation. The only "uncertainty" left for this court's resolution is *when* Monroe must render performance, which, the Fifth Circuit has held, Louisiana law dictates must occur within a reasonable time. See Saul Litvinoff, The Law of Obligations §6.2 (2nd Ed. 2001) ("where a term is concerned, there is certainty that its end will arrive, but there may be uncertainty as to when it will arrive."). See also La. Civ. Code Art. 1778 and comment (c) thereto.

Moreover, the Civil Code article and jurisprudence cited by the Fifth Circuit provide further support for the undersigned's conclusion that no new condition may be interposed on Monroe's repayment obligation. The court cited article 1778 in its opinion. That article appears in Section 4 of the Civil Code Chapter delineating the kinds of obligations which exist under Louisiana law and governs the term for performance of term obligations. The article has no application to conditional obligations which are subject to separate articles set forth in Section 3 of that Chapter. Additionally, the Fifth Circuit cited jurisprudence dealing with term, as opposed to conditional loan obligations. See *Mumblow*, 441 F.3d at 625 citing *Sanders v. Russell*, 864 So.2d 219, 222 (La. App. 2nd Cir. 2003) and *Parquette v. Arceneaux Music Center,* 425 So.2d 362, 364 (La. App. 3rd Cir. 1982).

Article 1778 states in pertinent part that

> A term for the performance of an obligation is a period of
> time either certain or uncertain. It is certain when it is fixed.
> It is uncertain when it is not fixed but is determinable either
> by the intent of the parties or by the occurrence of a future and
> certain event. *It is also uncertain when it is not determinable,*
> *in which case the obligation must be performed within a*
> *reasonable time.* (emphasis added)

Monroe's argues that this court should find that it was the intent of the parties that the loan be repaid *only* when Monroe reached a state of "positive financial health." In effect, Monroe argues that this court should hold that improved or "positive financial health" constitutes an "uncertain term" for repayment of the loan, and reflects the intent of the parties. However, the Fifth Circuit decision does not permit this court to make that holding. The Fifth Circuit remanded this case with instructions for this court to determine only whether a reasonable time for repayment has expired, an inquiry which, under the express language of article 1778, is undertaken when a term for repayment is *not* determinable by the intent of the parties.

In accordance with the Fifth Circuit's instructions, this court need only decide whether a reasonable time for repayment has expired. "What constitutes a reasonable time must be determined by the circumstances of each case." *Parquette,* 425 So.2d at 364 quoting *Perrin v. Hellback,* 296 So.2d 342, 344 (La. App. 4th Cir. 1974). Under the facts and circumstances of this case this court has little difficulty concluding that Monroe has delayed the performance of its obligation to repay the loan extended by Mumblow for an

7

unreasonable length of time. The pertinent facts are as follows: Mumblow continued to turn over (loan) his salary checks to Monroe until August 15, 2001. [tr. pg. 104]. On or about December 21, 2001, Mumblow demanded repayment of the loan. [Ex. 13]. Mumblow stopped working for CCA in January 2002 [tr. pg. 114], and the instant suit was filed on January 18, 2002. Thus, clearly over three and one half years have passed since Mumblow demanded repayment of the loan.

Accordingly, the undersigned concludes that a reasonable time for repayment of the loan has expired. The court further concludes that a reasonable time for Mumblow to demand repayment was December 21, 2001, when Mumblow in fact made his demand. Mumblow is entitled to immediate repayment of the loan, with legal interest from December 21, 2001, the date Mumblow originally demanded repayment of the loan.

Signed this _24_ day of August, 2005 at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE